ISAAC FRIEDMAN, Plaintiff, Appellant, *v.* " JAMES " RUGGIERO, "ALBERT " TRAPAN, " JOSEPH " BALSAMO, First Names Being Fictitious, Real First Names Unknown to Plaintiff, Individually and as Copartners Doing Business under the Firm Name and Style of F. RUGGIERO & SONS, Defendants, Respondents.

Supreme Court, Appellate Term, First Department, November 13, 1924.

**Motor vehicles — collision — action for damage to plaintiff's automobile from collision with defendant's automobile at entrance to vehicular tunnel — plaintiff testified he looked in direction from which vehicle approached, sounded warning, but saw nothing — speed of plaintiff's automobile, observance of other traffic, and contributory negligence presented questions for jury — judgment dismissing complaint on ground that plaintiff was negligent as matter of law reversed.**

In an action for damages to plaintiff's automobile resulting from a collision with defendant's automobile at the entrance to a vehicular tunnel, a judgment dismissing plaintiff's complaint, on the ground that he was guilty of contributory

negligence as matter of law, will be reversed and a new trial ordered, where it appears that the plaintiff testified that as he approached the tunnel going south at a speed of from thirteen to fifteen miles an hour, he looked in the direction from which vehicles approach and sounded his horn, but saw nothing and that when virtually opposite the dividing wall between two vehicular tunnels, defendant's automobile emerged from the tunnel used for west-bound traffic and collided with plaintiff's automobile, since under the circumstances, the question of plaintiff's speed, his observance of traffic conditions and any other element of contributory negligence was for the jury.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, dismissing his complaint at the close of his case on the ground that he was guilty of contributory negligence as matter of law.

*Harry A. Gair,* for the appellant.

*Alfred W. Meldon,* for the respondent.

*Per Curiam.* Plaintiff was driving his automobile south on the west roadway of Park avenue between One Hundred and Seventh and One Hundred and Sixth streets in daylight hours. Park avenue at this point is divided by the stone viaduct of the railroad, twenty-five to thirty feet in width. At One Hundred and Sixth street the viaduct is pierced by four parallel tunnels, the most northerly and southerly being comparatively small for pedestrians and the two middle ones being for west- and east-bound vehicular travel respectively.

Plaintiff testified that he had blown his horn, looked to the east and saw nothing as he approached One Hundred and Sixth street, and when practically opposite the dividing wall between the two vehicular tunnels the rear of his car was struck by defendants' automobile, going west as it emerged from the northerly tunnel. Plaintiff's car was overturned by the impact. He looked toward Third avenue before he crossed and saw nothing. He was running at a speed of from thirteen to fifteen miles an hour.

On this evidence the learned court said: "He did not look through the tunnel from which vehicles come, and if he looked he would have been able to determine that this car was too close to him to enable him to cross in safety. He had no right to drive at the rate of 13 or 15 miles an hour when approaching a tunnel of that description." The learned court was in error in saying that he did not look through the vehicular tunnel. The question in that respect on cross-examination was: " Q. So that you didn't look through the tunnel where the vehicles came through? A. No, I didn't see anything." Just what the witness meant by the answer in its context was for the jury to determine. Whether if

he had looked he would have been able to determine that defendants' car was too close to him to enable him to cross in safety is plainly also a question for the jury, for the inference from the force of impact is that defendants were driving at a very great rate of speed.

Altogether, in view of the exceptional character of the crossing, the ordinary formulæ upon which occasionally courts have undertaken to determine that plaintiff was guilty of contributory negligence as matter of law are inapplicable. Similarly, it is a question of fact whether thirteen to fifteen miles an hour was negligence under the circumstances, particularly because plaintiff had the right of way over defendants' car.

Finally, assuming that plaintiff might be chargeable with some negligence in some phase of his conduct at the time, the question whether that negligence contributed to the accident is also a question of fact.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.